# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

ESEC, LLC d/b/a ESEC Surgery Center, )
)
          Plaintiff, )
)
vs. )   Case No. CIV-18-789-M
)
ALEX AZAR, in his official capacity as )
Secretary of Health and Human Services, )
)
          Defendant. )

## ORDER

Before the Court is Plaintiff's Motion and Application for Temporary Restraining Order and Preliminary Injunction, filed August 16, 2018. On August 17, 2018, the Court held a hearing on plaintiff's motion. This Order memorializes the Court's ruling at the hearing.

I.    Introduction

Plaintiff is an ambulatory surgery center located in Oklahoma City. For many years, Plaintiff has been certified to participate in the Medicare program. The Oklahoma State Department of Health ("OSDH")[1] conducted an initial survey of Plaintiff on July 30, 2015 and noted two deficiencies: (1) the essential electrical system was not properly designed to separate the Life Safety branch and the Critical branch in two electrical panels, and (2) the placement of the two non-hooded counter-top sterilizers was inappropriate. Plaintiff, by and through its counsel of record, worked with OSDH at that time to resolve the deficiencies.

On November 20, 2017, OSDH conducted a revisit, during which Plaintiff was cited for the same two deficiencies from 2015. Plaintiff then received a Statement of Deficiencies on

---

[1] Defendant has delegated significant responsibilities under the Medicare and Medicaid Acts to the Centers for Medicare and Medicaid Services ("CMS"). CMS, in turn, contracts with state agencies to conduct surveys on CMS's behalf. In Oklahoma, the state survey agency is the OSDH.

December 11, 2017 from OSDH identifying the electrical issue and sterilizer placement issue and recommending termination of Plaintiff's provider agreement, effective March 11, 2018. Over the course of the two months that followed, Plaintiff was in constant communication with OSDH to develop an acceptable Plan of Correction ("POC"). Each of the POCs submitted by Plaintiff was rejected by OSDH. On February 27, 2018, Plaintiff submitted requests for waiver for the two noted deficiencies, but the requests for waiver were denied. After granting a number of extensions to Plaintiff, CMS has declined to grant any additional extensions and notified Plaintiff that its Medicare provider agreement would be involuntarily terminated on August 18, 2018, resulting in payments to the facility stopping beginning August 18, 2018. Plaintiff states that it has addressed and is addressing the alleged deficiencies and is confident that it will have both issues resolved to CMS's satisfaction before August 31, 2018.

On August 16, 2018, Plaintiff filed its Verified Complaint for Preliminary and Permanent Injunctive Relief, and Temporary Restraining Order. On August 17, 2018, Plaintiff filed an administrative appeal of CMS's decision and has requested a hearing. Plaintiff moves the Court to enter a temporary restraining order and a preliminary injunction enjoining Defendant from terminating Plaintiff's Medicare provider agreement during the pendency of its administrative appeal.

II. Discussion

Before the Court can address the issue of whether Plaintiff meets the requirements for issuance of a temporary restraining order/preliminary injunction, the Court must determine whether it has subject matter jurisdiction to grant Plaintiff's request. "Federal jurisdiction is determined based on the facts as they existed at the time the complaint was filed." *Ravenswood Inv. Co., L.P. v. Avalon Corr. Servs.*, 651 F.3d 1219, 1223 (10th Cir. 2011) (internal citation

omitted). Further, "[t]he burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

Plaintiff contends that this Court has jurisdiction pursuant to 42 U.S.C. § 405(g), 28 U.S.C. § 1331, 28 U.S.C. § 1651, and under the Court's general equity powers. Further, while Plaintiff recognizes that 42 U.S.C. § 405(g) and (h) would ordinarily require it to exhaust administrative remedies before filing the instant case, Plaintiff asserts that this case falls within the exception set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976). In *Mathews*, the Supreme Court explained that the final decision requirement under § 405(g) consists of two elements. *See id.* at 328.

> The waivable element is the requirement that the administrative remedies prescribed by the Secretary be exhausted. The nonwaivable element is the requirement that a claim . . . shall have been presented to the Secretary. Absent such a claim there can be no "decision" of any type. And some decision by the Secretary is clearly required by the statute.

*Id.* Further, although Defendant has not waived exhaustion in this case, "agency waiver may be, in the court's discretion, deemed improperly withheld where the plaintiff's interest in prompt resolution is so great that deference to the agency's judgment on the utility of exhaustion is inappropriate." *Harline v. Drug Enf't Admin.*, 148 F.3d 1199, 1202-03 (10th Cir. 1998) (citing *Mathews*, 424 U.S. at 330; *Thunder Basin Coal Co. v. Reich*, 510 U.S. 200, 215 (1994)). An agency waiver may be deemed improperly withheld when "(1) the plaintiff asserts a colorable constitutional claim that is collateral to the substantive issues of the administrative proceedings, (2) exhaustion would result in irreparable harm, and (3) exhaustion would be futile." *Id.* at 1203 (internal citations omitted). Finally, Plaintiff bears the burden of establishing the above elements. *See id.*

Having carefully reviewed Plaintiff's pleadings, having heard the arguments made by counsel at the hearing, and having reviewed the case law, the Court finds that Plaintiff has not satisfied its burden of establishing subject matter jurisdiction in this case. First, the Court finds that Plaintiff has not satisfied the nonwaivable element of administrative exhaustion. At the time Plaintiff filed its Verified Complaint for Preliminary and Permanent Injunctive Relief, and Temporary Restraining Order, Plaintiff had not filed its administrative appeal of CMS's decision. Therefore, no claim has been presented to the Secretary. Second, the Court finds that Plaintiff has not asserted a colorable constitutional claim that is collateral to the substantive issues of the administrative proceedings. Specifically, the Court finds that Plaintiff's procedural due process claim is not a colorable constitutional claim. "A claim of denial of procedural due process requires that the plaintiff have a constitutionally protected property interest that was injured or revoked without proper procedural protections." *Schanzenbach v. Town of La Barge*, 706 F.3d 1277, 1283-84 (10th Cir. 2013). Further, the Tenth Circuit has held that Medicaid providers do not have a property right to continued enrollment as a qualified provider. *See Geriatrics, Inc. v. Harris*, 640 F.2d 262 (10th Cir. 1981). Additionally, the Court finds that Plaintiff's substantive due process claim is not collateral to the substantive issues of the administrative proceedings.

Third, the Court finds that Plaintiff has not shown that exhaustion would result in irreparable harm. Other than its verified complaint, plaintiff presented absolutely no evidence in support of its assertion of irreparable harm. Further, the Court finds that Plaintiff, as an ambulatory surgery center, does not face the kind of irreparable harm that a hospital or other medical facility that has patients residing overnight or for longer periods of time faces.[2] In the case at bar, there is

---

[2] In the cases cited by Plaintiff, the courts rely on the necessity of moving patients who are residing in the facility and the trauma that the move will cause to the patients in finding irreparable harm.

4

no threat that patients will have to be moved and experience the trauma that such a move would entail. Further, Plaintiff has not shown that any patients that had surgeries scheduled at Plaintiff's facility would not be able to have their surgeries performed at another ambulatory surgery center. The only harm Plaintiff has minimally shown is financial harm, which this Court finds does not constitute irreparable harm. Finally, the Court finds that Plaintiff has not shown that exhaustion of administrative remedies would be futile.

III. Conclusion

Accordingly, the Court finds that it lacks jurisdiction to consider the claims presented in Plaintiff's Verified Complaint for Preliminary and Permanent Injunctive Relief, and Temporary Restraining Order or in Plaintiff's Motion and Application for Temporary Restraining Order and Preliminary Injunction. The Court, therefore, DISMISSES this case for lack of subject matter jurisdiction.

**IT IS SO ORDERED this 22nd day of August, 2018.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE